IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO DELONTE LOGAN, )<br>    Plaintiff,                                )<br>                                                  )   Civil Action No. 7:19-cv-00590<br>v.                                              )<br>                                                  )   By: Elizabeth K. Dillon<br>R. CHANDLER,                         )         United States District Judge<br>    Defendant.                             ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antonio Delonte Logan, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 complaint in the United States District Court for the Eastern District of Virginia, and it was transferred here. The sole defendant, correctional officer R. Chandler, filed a motion to dismiss that addressed two of Logan's claims: a due process claim and an equal protection claim. The court noted in a June 12, 2020 order, however, that it construed the complaint as also asserting an excessive force claim against Chandler. It thus denied the prior motion to dismiss without prejudice and directed that a renewed motion to dismiss be filed also addressing the excessive force claim. (Dkt. No. 23.)

Now pending before the court is Chandler's renewed partial motion to dismiss (Dkt. No. 25), to which Logan has responded (Dkt. No. 29), and Chandler has filed a reply (Dkt. No. 30). In it, Chandler again only seeks dismissal as to the same two claims and states that he intends to file a motion for summary judgment as to the excessive force claim. (Def.'s Mem. Supp. Mot. Summ. J. 2, Dkt. No. 26.)

In his response, Logan concedes that his due process claim is subject to dismissal because Chandler had no direct or indirect involvement in the alleged denial of his due process rights. (Dkt. No. 29 at 2.) Accordingly, by agreement of the parties, Logan's due process claim against Chandler will be dismissed.

That leaves only Chandler's motion to dismiss the equal protection claim. For the reasons discussed briefly below, the court also will dismiss this claim.

## I.   BACKGROUND

Logan's claims arise from events that occurred on June 22, 2019, while he was incarcerated at Halifax County Adult Detention Center. Logan alleges that he requested hair clippers several times from Chandler, who delayed bringing them. Logan then tried to get the attention of another officer by knocking on his cell door. This apparently annoyed or angered Chandler, who entered the pod and ordered Logan to lock down. Logan alleges that he could not go into his cell because the door to it was locked while his cellmate was using the bathroom, and he asked Chandler to wait for a moment and give his cellmate time to "get off the toilet." In response, Chandler sprayed Logan with pepper spray in his left eye, handcuffed him, and roughly grabbed his right arm to escort him out of the pod, injuring his arm in the process.

Logan later told two other officers that he wanted to press charges, but his request was denied, which he says constituted a due process violation. As noted, Logan concedes Chandler had no involvement in that decision.

The complaint further alleges that the same officers denied Logan's request for hospital treatment and instead told him that he would see a jail nurse in the morning. He alleges that this constituted an equal protection violation. In his response to the renewed motion to dismiss (which argued, in part, that Chandler had no personal involvement in the denial of medical care), Logan tries to tie the denial of medical care to Chandler. Specifically, he argues that Chandler's superior asked Chandler what he had done to Logan's arm and why Logan wanted to go to the hospital, and Chandler responded he had not done anything to Logan other than pepper spray him. Logan further contends that "although it was not [Chandler's] decision whether or not to grant [Logan] proper medical attention, his responses . . . validated" the other officer's decision

2

not to get Logan medical care.  (Pl.'s Resp. to Mot. Summ. J. 2, Dkt. No. 29.)

## II.   DISCUSSION

### A.  Legal Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party."  *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014).  A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments."  *Giarratano*, 521 F.3d at 302.  *Pro se* complaints are afforded a liberal construction.  *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

### B.  Equal Protection  Claim

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  The Equal Protection Clause thus directs that "all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

To prove an equal protection violation, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated."  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).  Two groups of persons are "similarly situated" only if they "are similar in all aspects relevant to attaining the legitimate objectives" of the policy or legislation.  *Van Der Linde Housing, Inc. v. Rivanna Solid Waste Auth.*, 507 F.3d 290, 293 (4th Cir. 2007).  Once such a showing is made,

then the court will determine "whether the disparity in treatment can be justified under the requisite level of scrutiny." *Veney*, 293 F.3d at 731 (quoting *Morrison*, 239 F.3d at 654).

Logan's allegations do not establish an equal protection violation, most notably because he fails to identify any other similarly situated person or persons that Chandler has treated differently. Because Logan fails to state even a prima facie claim of an equal protection violation, Chandler's motion to dismiss the equal protection claim will be granted.[1]

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Logan's due process claim against Chandler is DISMISSED per the agreement of the parties;

2. Chandler's renewed motion to dismiss is GRANTED (Dkt. No. 25) as to Logan's equal protection claim, and that claim is DISMISSED WITHOUT PREJUDICE. If Logan believes that he can remedy the factual deficiencies the court has identified, he may file an amended complaint including only his excessive force claim and an equal protection claim not later than twenty-one days after entry of this order.

3. As to Logan's remaining Eighth Amendment claim alleging the excessive use of force against him, Chandler is DIRECTED to file a motion for summary judgment not later than forty-five days after entry of this order.

Entered: February 11, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[1] To the extent that Logan's claim could be construed as one that Chandler was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights, the court concludes that such a claim is subject to dismissal under 28 U.S.C. § 1915A(b)(1) because, pursuant to the allegations in the complaint, it was not Chandler's decision to deny Logan medical care. Chandler's statement to the officer making that decision, in addition to only being part of his briefing and not an allegation in the complaint that can be considered on a motion to dismiss, does not give rise to a constitutional violation.